IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ALAN GREGORY SMITH,**
    Petitioner,

v.                                                                       Case No. 3:09cv107/MCR/MD

**WARDEN ELLIS,**
    Respondent.
_____

# REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent filed a response requesting dismissal of the petition on the grounds that it fails to state a claim cognizable on federal habeas. (Doc. 11). Petitioner filed a response requesting dismissal of respondent's response as untimely. (Doc. 15). After denying relief on petitioner's procedural argument, the court provided petitioner an opportunity to respond to the merits of respondent's request for dismissal. (Doc. 18). To date, petitioner has not responded. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is moot and, in any event, fails to state a claim cognizable on federal habeas. Therefore, the petition should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On May 18, 2008, petitioner entered a counseled no contest plea to possession of a controlled substance (Count 1), possession or use of drug

paraphernalia (Count 2), resisting an officer without violence (Count 3), and driving while licence suspended or revoked (Count 4) in the Circuit Court of Santa Rosa County, Florida, case number 08-671. (Doc. 11, Ex. F ).[1]  That same day, the court adjudicated him guilty and sentenced him to a term of 1 year 8 months imprisonment on Count 1 with 21days credit for time served in the county jail. (*Id*.).  Petitioner was sentenced on Counts 2-4 to time served (21 days). (*Id*.).  The judgment and sentence was filed on May 21, 2008.  (Ex. F, p. 2).  Petitioner did not file a motion to withdraw his plea, nor did he directly appeal from the judgment.  (Doc. 1, p. 2; Doc. 11, Ex. A).

On July 23, 2008, petitioner filed in the trial court a motion titled "Nunc Pro Tunc 370.556 (1960)," which the court construed as a motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a).  (Ex. G).  The trial court denied the motion on August 14, 2008, explaining in relevant part as follows:

> The filing of a detainer or hold is a request from one agency to another to either hold a defendant or notify them when release is imminent.  *See Gethers v. State*, 838 So.2d 504, 508 (Fla. 2003).  A detainer or hold does not have the same effect as transmitting or executing an arrest warrant and jail credit does not need to be awarded for the period from which the detainer or hold was placed.  *See id*.  The record establishes a hold was placed on Defendant by Santa Rosa County on February 20, 2008, while he was in the custody of Escambia County; however, the arrest warrant indicates Defendant was being held on local charges.  (Exhibit A).  Defendant was properly awarded twenty-one days jail credit for time incarcerated in the county jail *prior* to sentencing.

(*Id*., p. 13 in ECF).[2]  On February 13, 2009, the Florida First District Court of Appeal affirmed the denial order without written opinion. (Ex. J).  The mandate issued April 20, 2009.  (Ex. I).

---

[1] Hereafter, all references to exhibits will be to those provided at Doc. 11, unless otherwise noted.

[2] References to page numbers "in ECF" are to the page of the identified document as it appears on the court's Case Management/Electronic Computer Filing system.

Petitioner initiated this federal habeas proceeding on March 15, 2009. (Doc. 1, p. 1). His petition presents four separate grounds for relief, but raises essentially one claim: that petitioner's sentence is illegal because the trial court failed to award jail credit for time served in Tennessee and Escambia County, Florida for the period during which a detainer was issued by Santa Rosa County, Florida. (*Id*., pp. 4-5). As relief, petitioner seeks the following: "To have time credit from the date of detainer from January 8, 2008 to date." (*Id*., p. 6).

On October 1, 2009, the court received notice from petitioner that he was released from prison on September 23, 2009, and that his address had changed. (Doc. 20). The Florida Department of Corrections' website confirms that petitioner was released from prison upon expiration of his sentence on September 23, 2009. *See* www.dc.state.fl.us.[3]

## DISCUSSION

### Mootness

It must first be determined whether this court has jurisdiction to address petitioner's claim(s). Title 28 U.S.C. § 2254(a) allows a federal court to consider a petition for habeas corpus "in behalf of a person in custody." Once a petition is filed by a person in custody, the court's jurisdiction is not defeated by that person's release. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559-60, 20 L.Ed.2d 554 (1968)). However, a petitioner's release raises the issue of whether the habeas petition is rendered moot.

"The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 1216 n. 10, 39 L.Ed.2d 505 (1974). A federal

---

[3]The court takes judicial notice of information available on the database maintained by the Florida Department of Corrections, http://www.dc.state.fl.us/, viewed on this date.

*Case No: 3:09cv107/MCR/MD*

court's inability "to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 394 n. 3, 11 L.Ed.2d 347 (1964). "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971).

Upon expiration of an inmate's sentence, some concrete and continuing injury, or "collateral consequence"" of the conviction must exist if the habeas action is to be maintained. *Spencer v. Kemna*, 523 U.S. at 7, 118 S.Ct. at 983. The Supreme Court developed the collateral consequences doctrine beginning with *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), when it held that a habeas petitioner challenging the validity of his conviction had an active case in controversy even though he had been released, because his conviction might affect his alien resident status. As the doctrine developed in subsequent cases, the Court required petitioners to plead and prove the existence of collateral consequences to maintain a habeas action after release from incarceration. The Court has found that such consequences exist in instances where a petitioner claimed that his conviction rendered him unable to engage in certain businesses or serve as an official in a labor union, *Carafas v. LaVallee*, 391 U.S. at 238, 88 S.Ct. at 1559-60, rendered him ineligible to serve as a juror, *Fiswick v. United States*, 329 U.S. 211, 221-23, 67 S.Ct. 224, 229-30, 91 L.Ed. 196 (1946), might subsequently increase a current sentence under state recidivist law, *Parker v. Ellis*, 362 U.S. 574, 576, 80 S.Ct. 909, 911, 4 L.Ed.2d 963 (1960), or might result in the revocation of a business license, *Ginsberg v. New York*, 390 U.S. 629, 633 n.2, 88 S.Ct. 1274, 1277 n.2, 20 L.Ed.2d 195 (1968). The requirement of pleading and proving collateral consequences disappeared in *Sibron v. New York*, when the Supreme Court announced that it had "abandoned all inquiry into the existence of collateral consequences and in effect presumed that they existed." 392 U.S. 40, 55, 88 S.Ct. 1889, 1898, 20 L.Ed.2d 917 (1968). The Court added to the list of collateral consequences in *Evitts v. Lucey*, when it held that collateral consequences included the denial of the right to vote and hold public

office, and the possibility of being impeached as a witness at a future time. 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

The Court, however, limited the *Carafas* doctrine in *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). In *Lane*, two state defendants pleaded guilty to burglary. Under state law, this offense was punishable by imprisonment for an indeterminate number of years and a mandatory three year parole term. Both defendants served their sentences and were released on parole. Subsequently, however, they were rearrested and returned to prison as parole violators. On habeas, they claimed that the trial court violated the Due Process Clause of the Fourteenth Amendment by failing to inform them of the mandatory parole term before accepting their guilty pleas. The district court granted relief and the Seventh Circuit affirmed. The Supreme Court vacated the Seventh Circuit's decision and held that the claims were moot as a result of the expiration of the mandatory parole period after the district court's decision. The Court noted that the petitioners were only challenging their sentences, and not their convictions, stating:

> Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot. "Nullification of a conviction may have important benefits for a defendant . . . but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."

*Id*. at 631, 102 S.Ct. at 1327 (quoting *North Carolina v. Rice*, 404 U.S. at 248, 92 S.Ct. at 405).

Similarly, in *Spencer v. Kemna*, *supra*, the Court held that a habeas petitioner challenging a parole revocation after his sentence had expired must specifically identify concrete disadvantages or disabilities that had in fact occurred, that were imminently threatened, or that were imposed as a matter of law, and that were attributable to the parole revocation. 523 U.S. at 14. Spencer argued that the parole revocation could be used to his detriment in a future parole proceeding, could be used to increase his sentence in a future sentencing proceeding, could be used to impeach him if he appeared as a witness or litigant in a future judicial proceeding, or could be used against him directly if he appeared as a defendant in a future criminal proceeding. The Court rejected these contentions as speculative. 523 U.S. at 14-16.

In the context of the present case, there is no difference between a habeas challenge to a parole sentence or revocation and a challenge to jail time credited against a sentence, in that both result in a longer period of custody than would otherwise be the case, but neither goes to the validity of the underlying conviction. Furthermore, no direct or collateral consequences surviving petitioner's release have been shown. *See Lane*, 455 U.S. at 632. Consequently, the reasoning of *Lane* and *Spencer* is binding.

Moreover, the sole relief petitioner seeks in this proceeding is credit against his Santa Rosa County sentence. The only effect of awarding petitioner such credit would have been to expedite his release from prison. Since petitioner has served that term of imprisonment and been released, any order of this court requiring that his Santa Rosa County sentence be credited would have no effect. Accordingly, this case should be dismissed as moot. *See also, e.g., Oliver v. McNeil*, No. 08-21465, 2009 WL 1149289 (S. D. Fla. Apr. 29, 2009) (dismissing habeas petition as moot where petitioner, who claimed he was not properly awarded all jail time credit to which he was entitled, was released from confinement during pendency of habeas proceeding).

**Failure to Present Claims Cognizable on Federal Habeas Review**

Even if this petition were not rendered moot by petitioner's release, he would not be entitled to habeas corpus relief. Petitioner seeks federal habeas relief on the grounds that he was not given full credit against his sentence for time spent in custody in Escambia County, Florida and Tennessee. As correctly argued by the respondent, such a challenge is not reviewable in this federal habeas corpus proceeding, because it raises only state law issues.

Federal habeas corpus relief is available only to correct constitutional injury. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). Such relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (holding errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *McCullough*

*v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."). Federal habeas review of a state law claim is, therefore, precluded if no due process violations or facts indicating such violations are alleged. *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *see also Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981). This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). In *Branan*, for example, the Eleventh Circuit reaffirmed that "in the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Id.* at 1508 (citing *Jones v. Estelle*, 622 F.2d 124, 126 (5th Cir. 1980)).

Pursuant to these principles, petitioner has stated no claim for which federal habeas corpus relief is available. The sentencing court's failure to credit him with time spent in custody in Tennessee and Escambia County, Florida, even if true, is the Florida court's interpretation of Florida law, Fla. Stat. § 921.161, and does not

**amount to a denial of fundamental due process.[4]  No federal constitutional right is**

---

[4]To the extent petitioner suggests in Grounds One and Four that he was denied due process in the state collateral proceeding because the State Attorney's Office did not file an answer or respond to his Rule 3.800(a) motion, such claim does not warrant federal habeas relief. It is well established in the Eleventh Circuit that a prisoner's challenge to the process afforded him in a state post-conviction proceeding does not constitute a cognizable claim for habeas corpus relief. This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *Carroll v. Secretary, DOC, Fl. Attorney Gen.*, 574 F.3d 1354, 1366 (11th Cir. 2009) (holding that habeas petitioner's claim, that the state court violated his due process rights when it summarily denied his post-conviction claim without an evidentiary hearing, did not state a claim on which a federal court may grant habeas relief); *Anderson v. Secretary for Dep't of Corrections*, 462 F.3d 1319, 1330 (11th Cir. 2006) (per curiam) (holding that state court's failure to conduct an evidentiary hearing on a post-conviction motion does not constitute a cognizable claim for habeas relief); *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) (explaining that "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that habeas petitioner's claim that errors in Rule 3.850 proceeding violated his right to due process did not state a basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention.").

To the extent petitioner suggests in Ground Three that the denial of jail credit is contrary to what he was promised and renders his no contest plea invalid, he has not exhausted his state court remedies with respect to this aspect of his claim. Petitioner states, and the record reflects, that he raised this argument for the first time on appeal of the order denying Rule 3.800(a) relief. The First DCA affirmed without written opinion. This summary denial without explanation cannot be construed as an adjudication on the merits of petitioner's challenge to the validity of his plea, because it is a firmly established and regularly followed procedural rule in Florida that an appellate court will not consider a claim raised for the first time on appeal. *See Doyle v. State*, 526 So.2d 909, 911 (Fla. 1988) (holding claim procedurally barred because it was not presented to the trial court in defendant's Rule 3.850 motion and could not be raised for the first time on appeal of the order denying relief); *Bailey v. State*, 970 So.2d 435, 436 (Fla. 4th DCA 2007) (same as to issue raised for the first time on appeal of an order denying Rule 3.800(a) relief); *Bellamy v. State*, 834 So.2d 897 (Fla. 5th DCA 2002) (same as to issue raised for the first time on appeal of an order denying Rule 3.850 relief).

It is also a firmly established and regularly followed procedural rule in Florida that a defendant may not use a Rule 3.800(a) proceeding as a vehicle to challenge the voluntariness of his plea. *See, e.g., Hettick v. State*, 977 So.2d 797 (Fla. 2nd DCA 2008) (holding that defendant's claim that the trial court violated the terms of his negotiated plea agreement rendering his plea involuntary was not cognizable under Rule 3.800(a), but had to be raised under Rule 3.850 in a sworn motion); *Nowlin v. State*, 639 So.2d 1050 1051-52 (Fla. 1st DCA 1994) (affirming denial of defendant's Rule 3.800(a) motion; holding that defendant's challenge to the adequacy of determining a factual basis for his plea was not an allegation that his sentence was illegal, but rather went to the voluntariness of his plea; therefore, the issue was not cognizable in a Rule 3.800(a) motion and had to be raised in a motion to withdraw the plea or in a sworn Rule 3.850 motion); *Graham v. State*, 641 So.2d 511 (5th DCA 1994) (affirming denial of Rule 3.800(a) motion claiming defendant's sentence was illegal because it exceeded the agreed sentence under the plea agreement; a sentence which is otherwise legal is not rendered illegal merely because it exceeds the agreed sentence under a plea agreement; where a court imposes a sentence that is legal but exceeds the agreed sentence under the plea agreement, the proper remedy is to file a sworn Rule 3.850 motion asserting that the plea should be set aside, not a Rule 3.800(a) motion). Accordingly, here, where petitioner did not challenge the validity of his plea in his Rule 3.800(a) motion but asserted that argument for the first time on appeal of the denial of relief, this court cannot presume that the state appellate court ignored its own procedural rules and

*Case No: 3:09cv107/MCR/MD*

implicated.

In *Palmer v. Dugger*, 833 F.2d 253 (11th Cir. 1987), the Eleventh Circuit summarized the Supreme Court's holding in *Williams v. Illinois*, 399 U.S. 235, 240-41 (1970), when it set forth the general rule (and its exception) pertaining to claims of entitlement to jail credit. Generally, "a state prisoner has no federal constitutional right to credit for time served prior to sentence absent a state statute granting such credit." *Palmer*, 833 F.2d at 254.[5]

Here, as the state court found, Florida has no statute granting petitioner credit for the time he spent in Tennessee and Escambia County, Florida. Florida law does provide that: "the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence." Fla. Stat. § 921.161. But, as the Florida Supreme Court held in *Gethers v. State, supra*, when a county issues a detainer or hold to another county in which a defendant is serving time in jail on charges, the legislature does not intend to credit the time served in the other county for the period during which the detainer or hold was lodged. Thus, without a state statute granting petitioner credit, he cannot state a federal constitutional claim.

## CONCLUSION

The instant petition is moot. Even if not moot, the petition should be dismissed because it fails to state a constitutional claim cognizable on federal habeas review.

---

reached the merits of his challenge to the validity of his plea. *See Coleman*, 501 U.S. 722, 735-36, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-45 (11th Cir. 1995) (applying procedural bar where state court's summary denial did not explain basis for ruling).

[5]Regarding this "general rule," the court in *Palmer* went on to discuss the exception made for an indigent pretrial detainee who: (1) "is held for a bailable offense," (2) "is unable to make bail because of indigence," and (3) "is sentenced to the statutory maximum sentence for that offense." *Id.*, at 255. The facts of the present petition do not support such an equal protection claim.

*Case No: 3:09cv107/MCR/MD*

**Accordingly, it is respectfully RECOMMENDED:**

1. That the petition for writ of habeas corpus (doc. 1) challenging the judgment entered in *State of Florida v. Alan Gregory Smith*, in the Circuit Court of Santa Rosa County, Florida, case number 08-671, be DISMISSED WITH PREJUDICE.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 4th day of January, 2010.

/s/ *Miles Davis*
　　　　**MILES DAVIS**
　　　　**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u> **A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** ***United States v. Roberts***, **858 F.2d 698, 701 (11th Cir. 1988).**